UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHNNY BRYAN CEDILLO HUANGA, individually and on
behalf of all others similarly situated,

                           Plaintiff,

         -against-

H&M TILE CORP. and HERNAN CHINCHILIMA and
MARIO CHINCHILIMA, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff **JOHNNY BRYAN CEDILLO HUANGA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **H&M TILE CORP. and HERNAN CHINCHILIMA and MARIO CHINCHILIMA, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at against **H&M TILE CORP.**, located at 2354 W 12ᵗʰ Street, Brooklyn, NY 11223.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff JOHNNY BRYAN CEDILLO HUANGA residing in Brooklyn, NY was employed by H&M TILE CORP., located at 2354 W 12th Street, Brooklyn, NY 11223 from in or around November 2021 until in or around March 2024.

### *The Defendants*
### H&M Tile Corp.

8. Defendant, H&M TILE CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of process address located at 2354 W 12th Street, Brooklyn, NY 11223.

9. Defendant, H&M TILE CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

10. At all relevant times hereto, Plaintiff's paychecks bear the name of H&M TILE CORP.

11. At all relevant times hereto, Defendant H&M TILE CORP., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

### *Individual Defendants*
### Hernan Chinchilima and Mario Chinchilima

12. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA own and operate H&M TILE CORP.

13. Upon information and belief, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA are agents of H&M TILE CORP.

2

14. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA are responsible for overseeing the daily operations of H&M TILE CORP.

15. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA have power and authority over all the final personnel decisions of H&M TILE CORP.

16. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA have the power and authority over all final payroll decisions of H&M TILE CORP., including the Plaintiff.

17. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA have the exclusive final power to hire the employees of H&M TILE CORP., including the Plaintiff.

18. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA have exclusive final power over the firing and terminating of the employees of H&M TILE CORP., including Plaintiff.

19. At all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA are responsible for determining, establishing, and paying the wages of all employees of H&M TILE CORP., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants HERNAN CHINCHILIMA and MARIO CHINCHILIMA were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendant were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that H&M TILE CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

22. Plaintiff JOHNNY BRYAN CEDILLO HUANGA was employed by H&M TILE CORP., as a mason and ceramic installer while performing related miscellaneous duties for the Defendants, from in or around November 2021 until in or around March 2024.

23. Plaintiff JOHNNY BRYAN CEDILLO HUANGA regularly worked six (6) days per week from in or around November 2021 until in or around March 2024.

24. During Plaintiff's employment with the Defendants, Plaintiff regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 4:00 p.m. or later, six (6) days per week, from in or around November 2021 until in or around March 2024.

25. Thus, Plaintiff was regularly required to work approximately forty-eight (48) hours per week from in or around November 2021 until in or around March 2024.

26. During Plaintiff's employment with the defendants, he was paid by Defendants a flat daily rate of approximately $130.00 per day from in or around November 2021 until in or around December 2021; approximately $160.00 per day from in or around January 2022 until in or around December 2022; and approximately $170.00 per day from in or around January 2023 until in or around March 2024.

27. Although Plaintiff regularly worked forty-eight (48) hours or more hours per week from in or around November 2021 until in or around March 2024, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

31. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

32. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

34. Collective Class: All persons who are or have been employed by the Defendants as masons, ceramic installers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

35. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the putative class.

43. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

47. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## <u>SECOND CAUSE OF ACTION</u>

### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

58. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

61. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   February 21, 2025
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHNNY BRYAN CEDILLO HUANGA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

H&M TILE CORP. and HERNAN CHINCHILIMA and MARIO CHINCHILIMA, as individuals,

Defendants,

---

## COLLECTIVE ACTION COMPLAINT

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

*Service via Secretary of State and Personal Service:*
**H&M TILE CORP. (DOS ID: 5775396)**
2354 W 12th Street, Brooklyn, NY 11223

**HERNAN CHINCHILIMA**
2354 W 12th Street, Brooklyn, NY 11223

**MARIO CHINCHILIMA**
2354 W 12th Street, Brooklyn, NY 11223

10