UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHNNY BRYAN CEDILLO HUANGA,
individually and on behalf of all others similarly          Case No. 25-cv-0980 (OEM)(JRC)
situated,

                Plaintiff,                    **ANSWER**

      - against -

H&M TILE CORP. AND HERNAN
CHINCHILIMA AND MARIO CHINCHILIMA,
as individuals,

                Defendants.
-------------------------------------------------------------X

Defendants H&M Tile Corp. ("H&M" or the "Company"), Hernan Chinchilima, and Mario

Chinchilima (collectively "Defendants"), by their attorneys Lewis Brisbois Bisgaard & Smith

LLP, as and for their Answer to the Complaint, allege as follows:

## PRELIMINARY STATEMENT

1.     Deny the allegations contained in paragraph 1, but admit that Plaintiff purports to

proceed in the manner described therein.

2.     Deny the allegations contained in paragraph 2, but admit that Plaintiff purports to

proceed in the manner described therein.

## JURISDICTION AND VENUE

3.     Deny the allegations contained in paragraph 3 and respectfully refer all questions

of law to the Court, but admit that Plaintiff purports to bring claims under the FLSA.

4.     Deny the allegations contained in paragraph 4 and respectfully refer all questions

of law to the Court.

5. Deny the allegations contained in paragraph 5 and respectfully refer all questions of law to the Court.

6. Paragraph 6 is a legal conclusion to which no response is required, but in the event a response is required, admit that the Court can issue declaratory judgment and respectfully refer all questions of law to the Court.

## THE PARTIES

### The Plaintiff

7. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 7, except admit that Plaintiff performed services from on or around November 21, 2021 to on or around March 5, 2024.

### The Defendants

### H&M Tile Corp.

8. Admit the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Admit the allegations contained in paragraph 10.

11. The allegations contained in Paragraph 11 are so vague and ambiguous that Defendants cannot reasonably provide a specific response, and therefore Defendants deny said allegations.

### Individual Defendants

### Hernan Chinchilima and Mario Chinchilima

12. Admit the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13 and respectfully refer all questions of law to the Court.

14.    Deny the allegations contained in paragraph 14 and respectfully refer all questions of law to the Court.

15.    Deny the allegations contained in paragraph 15 and respectfully refer all questions of law to the Court.

16.    Deny the allegations contained in paragraph 16 and respectfully refer all questions of law to the Court.

17.    Deny the allegations contained in paragraph 17 and respectfully refer all questions of law to the Court.

18.    Deny the allegations contained in paragraph 18 and respectfully refer all questions of law to the Court.

19.    Deny the allegations contained in paragraph 19 and respectfully refer all questions of law to the Court.

20.    Deny the allegations contained in paragraph 20 and respectfully refer all questions of law to the Court.

21.    Deny the allegations contained in paragraph 21 and respectfully refer all questions of law to the Court.

### FACTUAL ALLEGATIONS

22.    Deny the allegations contained in paragraph 22, but admit that Plaintiff performed services for H&M from on or around November 21, 2021 to on or around March 5, 2024.

23.    Deny the allegations contained in paragraph 23.

24.    Deny the allegations contained in paragraph 24.

25.    Deny the allegations contained in paragraph 25.

26.    Deny the allegations contained in paragraph 26.

27.	Deny the allegations contained in paragraph 27.

28.	Deny the allegations contained in paragraph 28.

29.	Deny the allegations contained in paragraph 29.

30.	Deny the allegations contained in paragraph 30.

31.	Deny the allegations contained in paragraph 31.

32.	Deny the allegations contained in paragraph 32.

**COLLECTIVE ACTION ALLEGATIONS**

33.	Deny the allegations contained in paragraph 33, but admit that Plaintiff purports to proceed on behalf of himself and others allegedly similarly situated.

34.	Deny the allegations contained in paragraph 34, but admit that Plaintiff purports to proceed on behalf of himself and others allegedly similarly situated.

35.	The allegations contained in Paragraph 35 are so vague and ambiguous that Defendants cannot reasonably provide a specific response, and therefore Defendants deny said allegations.

36.	Deny the allegations contained in paragraph 36.

37.	Deny the allegations contained in paragraph 37.

38.	Deny the allegations contained in paragraph 38.

39.	Deny the allegations contained in paragraph 39 and respectfully refer all questions of law to the Court.

40.	Deny the allegations contained in paragraph 40 and respectfully refer all questions of law to the Court.

41.	Deny the allegations contained in paragraph 41 and respectfully refer all questions of law to the Court.

42. Deny the allegations contained in paragraph 42 and respectfully refer all questions of law to the Court.

43. Deny the allegations contained in paragraph 43 and respectfully refer all questions of law to the Court.

44. Deny the allegations contained in paragraph 44 and respectfully refer all questions of law to the Court.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under the Fair Labor Standards Act**

45. Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.

46. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

**SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

52. Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.

53. Deny the allegations contained in paragraph 53, but admit Plaintiff performed services for H&M from on or around November 21, 2021 to on or around March 5, 2024.

54. Deny the allegations contained in paragraph 54.

55.     Deny the allegations contained in paragraph 55.

## THIRD CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

56.     Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.

57.     Deny the allegations contained in paragraph 57.

58.     Deny the allegations contained in paragraph 58.

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

59.     Deny the allegations contained in paragraph 59.

60.     Deny the allegations contained in paragraph 60.

61.     Deny the allegations contained in paragraph 61.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a suitable representative of the putative collective.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective have suffered no damages or pecuniary loss attributable to actionable conduct by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are precluded in whole or part to the extent there was a failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are barred by the doctrines of accord and satisfaction, ratification, confirmation and acquiescence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are time-barred in whole or part.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff and the putative members of the putative collective action's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders and with reasonable grounds for believing that their actions were in compliance with the law.

157985191.1                                           7

Therefore, in the event Plaintiff and the putative members of the putative collective action are due unpaid wages, which Defendants deny, Plaintiff and the putative members of the putative collective action are not entitled to liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was compensated beyond his actual entitlement, such additional compensation would satisfy in whole or part of the claims herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants acted reasonably and in the proper and lawful exercise of their discretion and business judgment, and without intent to violate Plaintiff and the putative members of the putative collective action's rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not covered by the statutes pursuant to which his claims are brought.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any premium and overtime pay Plaintiff received during the course of his employment must be offset against any alleged liability asserted in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action's claims are subject in whole or part, to set-off.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the compensation sought by Plaintiff is not based on any compensable working time under the applicable statutes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not breach any contractual, general, or other duty to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged unpaid working time from Plaintiff is *de minimis.*

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff and the putative members of the putative collective action resulted from, or were proximately caused by, the acts, omissions or other culpable conduct of third parties over whom Defendants had no control and not as a result of any conduct by Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff and the putative members of the putative collective action were caused in whole or in part, or were exacerbated by, Plaintiff and the putative members of the putative collective action's own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and, accordingly, Plaintiff and the putative members of the putative collective action's claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action were paid all wages to which they were entitled.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiff, the existence of which are expressly denied, are not appropriate for collective treatment pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*

157985191.1

9

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action were not employees of Defendant pursuant to the FLSA and NYLL.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event Plaintiff is deemed an employee of Defendants, which Defendants deny, Plaintiff was exempt from the overtime provisions of the FLSA, and thus is not entitled to overtime compensation under federal law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendants failed to issue wage notices to Plaintiff and the putative members of the putative collective action, all affirmative defenses set forth in the New York Wage Theft Prevention Act including, but not limited to, (i) Defendants having made complete and timely payment of all wages due and, (ii) Defendants having reasonably believed in good faith that they were not required to provide such notice, apply.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendants failed to issue wage statements to Plaintiff and the putative members of the putative collective action, all affirmative defenses set forth in the New York Wage Theft Prevention Act including, but not limited to, (i) Defendants having made complete and timely payment of all wages due and, (ii) Defendants having reasonably believed in good faith that they were not required to provide such statements, apply.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action were paid all wages to which they were entitled.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff and the putative members of the putative collective action suffered no injuries and therefore lack standing to assert some or all of the claims in the Complaint.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

### AS FOR THE "WHEREFORE" PRAYER FOR RELIEF

Defendants deny the allegations and claims contained in the "Wherefore" prayer for relief Paragraph, including subsections "a" through "f" thereof.

### AS TO THE DEMAND FOR A TRIAL BY JURY

Plaintiff's demand for a jury trial does not require a response; however, Defendants object to a trial by jury on any and all issues as to which a jury is not permitted as of right as a matter of law.

WHEREFORE, Defendants respectfully request that:

a.      The Court dismiss the Complaint in its entirety with prejudice;

b.      The Court award Defendants the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

157985191.1                                    11

     c.       The Court grant such other and further relief as is just and proper.

Dated:  New York, New York
         June 2, 2025

                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                By:    /s/ Michael D. Thompson
                Michael D. Thompson, Esq.
                Dong Phuong Nguyen, Esq.
                *Attorneys for Defendants*
                77 Water Street, Suite 2100
                New York, NY 10005
                (212) 232-1300
                Michael.D.Thompson@lewisbrisbois.com
                Phuong.Nguyen@lewisbrisbois.com

157985191.1

## CERTIFICATE OF SERVICE

Michael D. Thompson, an attorney duly admitted to practice before this Court, certifies that on June 2, 2025, he caused the Answer to be filed and served by ECF upon the attorneys of record for plaintiff.


                              /s/ Michael D. Thompson
                              Michael D. Thompson